# Hawkins v. The State.

### Larceny.

(Decided March 23, 1917. 74 South. 739.)

**Larceny; Instruction.**—Where the prosecution was for the larceny of a cow, and the defense was that defendant had won the cow in a gambling game, it was error to refuse a charge that if after considering all the evidence the jury had a reasonable doubt whether defendant took the cow unlawfully, or whether he purchased it in good faith, they should find defendant not guilty.

[Consford v. The State.]

APPEAL from Lauderdale Circuit Court.

Heard before Hon. C. P. ALMON.

Charlie Hawkins was convicted of the larceny of a cow and he appeals. Reversed and remanded.

The contention of the appellant is that the indictment read "Jim Yank," instead of "Jim Tank," in laying the possession of the property to be that of Jim Tank. The defense was that defendant had won the cow from another party in a gambling game, and did not steal the cow from the prosecuting witness.

JAMES JACKSON and MITCHELL & HOUGHTON, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

BROWN, P. J.—The court has inspected the original indictment transmitted to the court under the rule, and finds that the name of the person alleged to be the owner of the property as laid in the indictment is "Jim Tank." This disposes of the appellant's contention that there was a variance between the averments and proof.

Under the evidence in the case the court erred in refusing the following charge requested by defendant: "If, after considering all the evidence, the jury have a reasonable doubt whether defendant took the cow unlawfully, or whether he purchased it in good faith from Hardin, they will find the defendant not guilty."

We have examined the oral charge of the court, and hold that it does not render harmless the refusal of this charge.

Reversed and remanded.